FILED

Robert F. Brennan, Esq. [S.B. #132449]
Robert A. Wiener, Esq. [S.B. #132847]
**BRENNAN, WIENER & ASSOCIATES**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Christopher Norton

2008 JUN -5  AM 10: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C  CALIF
LOS ANGELES

BY_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER NORTON, an Individual;

      Plaintiff,

vs.

TRANSUNION, LLC, is a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC, is a business entity, form unknown; DIRECT TV, a business entity, form unknown; and DOES 1-10, Inclusive,

      Defendants.

Case No.: **CV08 - 03674 VBF (SHx)**

**COMPLAINT FOR DAMAGES:**

1. FAIR CREDIT REPORTING ACT

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

    1. Plaintiff CHRISTOPHER NORTON ("Plaintiff") is a resident of County of Solano, State of California.

    2. Defendants TRANSUNION LLC ("TRANSUNION"), EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN") are business entities, forms unknown, doing business in the State of California as credit bureaus which receive

1 negative credit information about consumers and which then publish such

2 information in credit reports available to its subscribers.  Collectively, these

3 defendants will be referred to as "credit bureau defendants" or "credit agency

4 defendants".  DIRECT TV ("DIRECT") is a creditor which, among other

5 activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher"

6 under the Fair Credit Reporting Act.

7      3. Defendants DOES 1-10 are individuals and business entities, form

8 unknown, doing business in the State of California as credit reporting agencies,

9 debt collection agencies, creditors or other persons or entities which engage in

10 credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes

11 individuals or business entities doing business in the State of California as credit

12 reporting agencies, debt collectors and/or creditors who have refused to delete

13 accounts of plaintiff that were procured through identity theft, mixed file or other

14 manner of recording an inaccurate credit account, even after plaintiff has notified

15 them of the false or inaccurate derogatory, and also who have reported such

16 accounts as derogatory credit references to credit reporting agencies.

17      4. Plaintiff does not know the true names and capacities, whether corporate,

18 partnership, associate, individual or otherwise of Defendants sued herein as Does

19 1 through 10, inclusive, under the provisions of Section 474 of the California

20 Code of Civil Procedure.  Plaintiff is informed and believes and on that basis

21 alleges that Defendants Does 1 through 10, inclusive, are in some manner

22 responsible for the acts, occurrences and transactions as officers, directors or

23 managing agents of Defendants or as its agents, servants, employees and/or joint

24 venturers and as set forth in this complaint, and that each of them are legally liable

25 to Plaintiff, as set forth below and herein:

26      a) Said Officers, directors or managing agents of Defendants personally

27 acted willfully with respect to the matters alleged in this complaint;

28

COMPLAINT FOR DAMAGES

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein,

COMPLAINT FOR DAMAGES

1  whether by a named Defendants or fictitiously named Defendants or otherwise,

2  was expressly authorized or ratified, as these terms are used in California Civil

3  Code Section 3294(b), by each and every other Defendant herein, whether named

4  or fictitiously named.

5

## FIRST CAUSE OF ACTION

## [VIOLATION OF THE FAIR CREDIT REPORTING ACT

## AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, TRANSUNION AND EXPERIAN and each of the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. In December of 2005, Plaintiff attempted to have Direct TV service installed at his Kenmore Ave address; however geographical boundaries prevented the installation of the dish.   Furthermore, the manager of the property refused to allow the installation of a satellite dish. Thus, the satellite dish was never installed and as a result, Plaintiff never received any service at the Kenmore address.

9. DIRECT then began sending monthly invoices to plaintiff.  Each time Plaintiff received an invoice form DIRECT, he immediately called a customer service representative and explained that he had been improperly charged as he was not receiving service.  Furthermore, Plaintiff asked that his account be completely cancelled or disconnected as his building would not allow the service to be installed.  Each time, the DIRECT representative stated that the account would be cancelled.  However, Plaintiff continued to receive invoices despite the

28

COMPLAINT FOR DAMAGES

1 | fact that he did not receive service whatsoever.

2 |     10. Defendant DIRECT has refused, despite Plaintiff's phone calls and

3 | letters to acknowledge that he has not had an active Direct TV account since

4 | December 2005. Despite several telephone calls and letters DIRECT insists that

5 | Plaintiff has had service on multiple occasion since then – which is impossible

6 | because Plaintiff does not even have a satellite dish installed in his home.

7 | DIRECT has continued to bill plaintiff for services which were never received and

8 | which were canceled, and DIRECT has issued false derogatory credit reporting,

9 | indicating that plaintiff is delinquent on his account.

10 |     11. On September 26, 2007, Plaintiff sent correspondence to DIRECT

11 | again asking that they reinvestigate his account, cease any negative credit

12 | reporting and remove his account form collection activity. Plaintiff also sent

13 | letters to TRANSUNION and EXPERIAN and Equifax.   Only non-party Equifax

14 | complied with plaintiff's request to cease the derogatory credit reporting.  On

15 | information and belief, one or more of the credit bureaus sent dispute notices to

16 | DIRECT, thereby activating DIRECT'S obligations to plaintiff under the Fair

17 | Credit Reporting Act.

18 |     12. Plaintiff complied with all requests of each of the Defendants to

19 | provide information in order to have the erroneous marks removed from his credit

20 | reports.  Despite the insistence of Plaintiff, the Defendants, and each of them,

21 | failed to correct the errors and failed to undertake sufficient investigations upon

22 | being notified of the errors.

23 |     13. Within the past several years, Defendants, and each of them, willfully

24 | violated the provisions of the Fair Credit Reporting Act in *at least* the following

25 | respects:

26 |     a. By willfully and negligently failing, in the preparation of the consumer

27 | report concerning Plaintiff, to follow reasonable procedures to assure maximum

28 |

COMPLAINT FOR DAMAGES

1  possible accuracy of the information in the report;

2        b. By willfully and negligently failing to correct, after receiving ample

3  notice, information about the Plaintiff which defendants knew, or should have

4  known, was incomplete and/or inaccurate;

5        c. By willfully and negligently failing to correct and/or delete the

6  incomplete and inaccurate information in Plaintiff's file after conducting an

7  investigation;

8        d. By willfully and negligently failing to conduct an adequate investigation

9  of Plaintiff's complaints, and by willfully and negligently failing to implement

10  corrective actions once the outcome of such investigations were known, or should

11  have been known, to the defendants;

12        e. By willfully and negligently failing to provide subsequent users of the

13  report with the Plaintiff's statement of dispute or a summary thereof;

14        f. By willfully and negligently changing account numbers and account

15  number designations so as to make reinvestigation and deletion more difficult for

16  the consumer, but in turn more lucrative for bureaus and furnishers because

17  derogatory account information will remain on credit reports longer;

18        g. By willfully and negligently failing to provide notice to Plaintiff of the

19  furnishing of negative credit information to credit reporting agencies, and,

20        h. By willfully and negligently failing to provide such information to the

21  credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute,

22  and thus causing the credit report to the credit bureaus to be inaccurate and

23  incomplete.

24        14.  As a proximate result of the actions of the Defendants, and each of

25  them, Plaintiff has been damaged in an amount which will be proven at time of

26  trial.  As provided under the cited law, Plaintiff is entitled to actual damages, pain

27  and suffering, punitive damages, penalties, costs and attorney fees.

28

COMPLAINT FOR DAMAGES

15. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: June ___3___ 2008                     **BRENNAN, WIENER, & ASSOCIATES**

By:_____
Robert F. Brennan
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV08- 3674 VBF (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

BRENNAN, WIENER & ASSOCIA...ES, APC.
Robert F. Brennan, Esq. SBN 132449
3150 Montrose Ave.
La Crescenta, CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NORTON, an Individual;<br><br>PLAINTIFF(S)<br>v.<br>TRANSUNION, LLC, is a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC. is a business entity, form unknown; DIRECT TV, a business entity form unknown; and DOES 1-10, Inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV08-03674 VBF (SHx)**<br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan, Esq._____, whose address is _BRENNAN, WIENER & ASSOC. 3150 Montrose Ave. La Crescenta, CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN -5 2008__

By: _Natalee Chongaria_
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>CHRISTOPHER NORTON, an Individual; | **DEFENDANTS** TRANSUNION, LLC, is a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC, is a business entity, form unknown; DIRECT TV, a business entity, form unknown; and DOES 1-10, Inclusive, |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles, California |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Robert F. Brennan, Esq. SBN 132449<br>BRENNAN, WIENER & ASSOCIATES<br>3150 Montrose Ave.<br>La Crescenta, CA 91214  Telephone 818-249-5291 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No        ☑ **MONEY DEMANDED IN COMPLAINT: $** 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)                          **CIVIL COVER SHEET**                          Page 1 of 2

CV08-03674

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or

☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.   Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary)
☐   Check here if the U.S. government, its agencies or employees is a named defendant.
   Los Angeles County

**List the California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____ June 4, 2008

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |