Robert F. Brennan, Esq. [S.B. #132449]
Robert A. Wiener, Esq. [S.B. #132847]
**BRENNAN, WIENER & ASSOCIATES**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Christopher Norton

FILED
CLERK, U.S. DISTRICT COURT
DEC 19 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NORTON, an Individual; <br><br> Plaintiff, <br><br> vs. <br><br> TRANSUNION, LLC, is a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC, is a business entity, form unknown; DIRECT TV, a business entity, form unknown; FOCUS RECEIVABLES, a business entity, form unknown; and DOES 2-10, Inclusive, <br><br> Defendants. | Case No.: CV 08-3674 VBF (SHx) <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES:** <br><br> 1. FAIR CREDIT REPORTING ACT; <br> 2. FAIR DEBT COLLECTION PRACTICES ACT; <br> 3. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT. <br><br> **JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff CHRISTOPHER NORTON ("Plaintiff") is a resident of County of Solano, State of California.

2. Defendants TRANSUNION LLC ("TRANSUNION"), EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN") are business entities, forms unknown, doing business in the State of California as credit bureaus which receive

negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants". DIRECT TV ("DIRECT") is a creditor which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

2A. Plaintiff alleges that, based upon discovery responses in this matter, DIRECT may not have specifically credit-reported the alleged debt in this matter, but nevertheless engaged in debt collection activities as these are defined in the Rosenthal Fair Debt Collection Practices Act. Discovery from other defendants may or may not confirm this contention from DIRECT.

2B. Plaintiff amends the complaint to substitute FOCUS RECEIVABLES ("FOCUS") as "Doe 1" in this matter. FOCUS is a debt collector as this term is defined by both the federal Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act.

3. Defendants DOES 2-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 2-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does

2 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 2 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

    a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

    b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

    c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

    d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

    e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

    f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and

capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS EXCEPT FOCUS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

6A. Plaintiff intends that this cause of action be pleaded against TRANSUNION, EXPERIAN, DIRECT and DOES 2-10, but not against FOCUS.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, TRANSUNION AND EXPERIAN and each of the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. In December of 2005, Plaintiff attempted to have Direct TV service

installed at his Kenmore Ave address; however geographical boundaries prevented the installation of the dish. Furthermore, the manager of the property refused to allow the installation of a satellite dish. Thus, the satellite dish was never installed and as a result, Plaintiff never received any service at the Kenmore address.

9. DIRECT then began sending monthly invoices to plaintiff. Each time Plaintiff received an invoice form DIRECT, he immediately called a customer service representative and explained that he had been improperly charged as he was not receiving service. Furthermore, Plaintiff asked that his account be completely cancelled or disconnected as his building would not allow the service to be installed. Each time, the DIRECT representative stated that the account would be cancelled. However, Plaintiff continued to receive invoices despite the fact that he did not receive service whatsoever.

10. Defendant DIRECT has refused, despite Plaintiff's phone calls and letters to acknowledge that he has not had an active Direct TV account since December 2005. Despite several telephone calls and letters DIRECT insists that Plaintiff has had service on multiple occasion since then – which is impossible because Plaintiff does not even have a satellite dish installed in his home. DIRECT has continued to bill plaintiff for services which were never received and which were canceled, and DIRECT has issued false derogatory credit reporting, indicating that plaintiff is delinquent on his account.

11. On September 26, 2007, Plaintiff sent correspondence to DIRECT again asking that they reinvestigate his account, cease any negative credit reporting and remove his account form collection activity. Plaintiff also sent letters to TRANSUNION and EXPERIAN and Equifax. Only non-party Equifax complied with plaintiff's request to cease the derogatory credit reporting. On information and belief, one or more of the credit bureaus sent dispute notices to DIRECT, thereby activating DIRECT'S obligations to plaintiff under the Fair

Credit Reporting Act.

12. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

13. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

   a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

   b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

   c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

   d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

   e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

   f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because

1 derogatory account information will remain on credit reports longer;

2     g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

4     h. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

    14. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

    15. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
## [CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT AGAINST DIRECT, FOCUS AND DOES 2-10, INCLUSIVE]

16. Plaintiff incorporates all preceding paragraphs as though set forth in full in this cause of action.

17. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, DIRECT, FOCUS and DOES 2-10, Inclusive, all qualify as "debt collectors".

18. Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act. DIRECT, FOCUS and DOES 2-10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8), namely, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." None of the defendants communicated anything to any person to suggest that plaintiff was disputing the debt.

19. Plaintiff alleges that DIRECT, FOCUS and DOES 2-10, Inclusive, violated other provisions of the federal Fair Debt Collection Practices Act, as incorporated in the Rosenthal Act, as follows:

    a. 15 U.S.C. Section 1692d: DIRECT engaged in debt collection efforts after it knew, and had determined, that it had no basis for continuing to charge plaintiff for its services. This had the natural consequence of harassing, abusing and oppressing plaintiff.

    b. 15 U.S.C. Section 1692e: DIRECT falsely represented the debt as a valid debt when it sold or transferred it onto the debt buying market, first picked up for collection by Allied and then later by FOCUS. In fact, the alleged debt is not valid and not enforceable. DIRECT has thus falsely represented the character, amount and legal status of the alleged debt, and falsely represented that the service

1  had not been canceled when it had been.  DIRECT and FOCUS have also
2  threatened action, or taken action, including threats of credit reporting, threats of
3  lawsuits and derogatory credit reporting accomplished, that cannot legally be
4  taken.
5        c. 15 U.S.C. Section 1692f: DIRECT and FOCUS, and DOES 2-10,
6  inclusive, have each used unfair or unconscionable means to collect or attempt to
7  collect the alleged debt.  Specifically, each has attempted to collect amounts not
8  expressly authorized by law or by agreement, and have continued to attempt
9  collection in spite of cancelation of the underlying agreement.
10     20. As a result of these violations of the California Fair Debt Collection
11  Practices Act by DIRECT, FOCUS and DOES 2-10, Inclusive, plaintiff has
12  suffered general and special damages according to proof, and is entitled to a
13  statutory penalty for each separate violation of California's Act, as well as
14  punitive damages against these defendants for conduct amounting to oppression
15  and malice under California law.  In addition, plaintiff is entitled to attorney's
16  fees, costs and expenses.
17
18                      **THIRD CAUSE OF ACTION**
19      **[VIOLATION OF FEDERAL FAIR DEBT COLLECTION**
20    **PRACTICES ACT AGAINST FOCUS AND DOES 2-25, INCLUSIVE]**
21
22     21. Plaintiff incorporates all preceding paragraphs as though alleged in full
23  in this cause of action, and specifically incorporates paragraphs 19a, 19b and 19c
24  into this cause of action.
25     30. In communicating the DIRECT derogatory credit information to the
26  credit bureaus, defendants FOCUS and DOES 2-10, Inclusive, willfully violated
27  the federal Fair Debt Collection Practices Act and damaged plaintiff according to
28

FIRST AMENDED COMPLAINT FOR DAMAGES

proof at trial. Plaintiff also alleges additional violations of FDCPA as alleged in paragraphs 19a, 19b and 19c, above. In addition to general and special damages according to proof, plaintiff prays for any and all available penalties against FOCUS and DOES 2-10, Inclusive, under the federal FDCPA, for willful violations of the cited provisions and of other provisions as may be provisions as may be proved at time of trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: December 17, 2008   **BRENNAN, WIENER, & ASSOCIATES**

By:_____
Robert F. Brennan
Attorneys for Plaintiff