1  Robert F. Brennan, Esq. [S.B. #132449]
   Robert A. Wiener, Esq. [S.B. #132847]
2  **BRENNAN, WIENER & ASSOCIATES**
   3150 Montrose Ave.
3  La Crescenta, Ca. 91214

4  [818] 249-5291
   FAX [818] 249-4329
5  Email: rbrennan@brennanlaw.com

6  Attorney for: Plaintiff Christopher Norton

7

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 CHRISTOPHER NORTON, an        )   Case No.: CV 08-3674 VBF (SHx)
   Individual;                   )
13                               )   Hon. Valerie Baker Fairbanks
                                 )
14       Plaintiff,              )
                                 )
15       vs.                     )   **NOTICE OF MOTION AND**
                                 )   **MOTION TO FILE SECOND**
16 TRANSUNION, LLC, is a Corporation;) **AMENDED COMPLAINT FOR**
   EXPERIAN INFORMATION          )   **DAMAGES; DECLARATION OF**
17 SOLUTIONS, INC, is a business entity,) **ROBERT F. BRENNAN; SECOND**
   form unknown; DIRECT TV, a business) **AMENDED COMPLAINT**
18 entity, form unknown; FOCUS    )   **ATTACHED AS EX. 1.**
   RECEIVABLES, a business entity, form)
19 unknown; and DOES 2-10, Inclusive,) Trial Date: August 18, 2009
                                 )
20       Defendants.             )   Hearing date: May 18, 2009
                                 )   Time: 1:30 p.m.
21                               )   Courtroom : 9
                                 )
22 _____ )

23       To all parties and to their respective attorneys of record:

24       Plaintiff hereby moves this court for an order permitting the filing of

25 plaintiff's second amended complaint, a copy of which is attached as **"Exhibit 1"**

26 and also submitted under separate cover. The hearing on this motion shall be on

27 May 18, 2009 at 1:30 p.m. in Courtroom 9 of the above-entitled court, located at

28

_____
          MOTION TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES

1  312 N. Spring St., LA, Ca. 90012.  This motion shall be based upon this notice,

2  upon the attached memorandum of points and authorities, upon the record of the

3  case and upon any additional evidence or argument the court may wish to

4  entertain.

5

6  Dated: 8 Apr 09                    **BRENNAN, WIENER & ASSOCIATES**

7

8                                     By: _____

9                                           Robert F. Brennan, Esq.
                                            Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

MOTION TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES

## POINTS AND AUTHORITIES

Discovery and review of documents produced in discovery have revealed that plaintiff's complaint requires three amendments:

1. Plaintiff proposes to make clear that defendants FOCUS and DIRECT are not included in the first cause of action for violation of the federal Fair Credit Reporting Act (para. 6A);

2. Plaintiff proposes to add a fourth cause of action against defendant FOCUS only for violation of the California Consumer Credit Reporting Agencies Act, a cause of action which the Ninth Circuit has only recently made viable against a claim of federal pre-emption; and,

3. Plaintiff proposes to add paragraph 11A to the first cause of action for violation of the federal Fair Credit Reporting Act against EXPERIAN and TRANSUNION only. The proposed addition of paragraph 27A reads as follows:

"11A. **Reinsertion Violation against TRANSUNION and EXPERIAN:** Experian and TransUnion also have duties related to reinserting derogatory credit information, found at 15 U.S.C. Section 1681i (a) (5) (B): "(i) If any information is deleted from a consumer's file pursuant to subparagraph (A) (bureau's duty to reinvestigate and delete or correct any information on a consumer's credit report upon receiving a dispute from a consumer), the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate. (ii) If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion..." Plaintiff alleges that EXPERIAN and TRANSUNION reinserted

previously deleted information onto plaintiff's credit report without complying with 15 U.S.C. Section 1681i."

Good cause exists to file the first amended complaint and there is no prejudice to the defendants. As of the preparation of this motion, the parties are still in the discovery phase. Plaintiff's deposition has been completed, but as of the preparation of this motion, defendants have not produced any witnesses for deposition, although each has promised to produce witnesses in late April and early May, 2009. There are no new facts being alleged.

As for the fourth cause of action under the California Consumer Credit Reporting Agencies Act ("CCRAA") against FOCUS, the Ninth Circuit only recently ruled that this is not pre-empted by the federal Fair Credit Reporting Act. *Gorman v. Wolpoff & Abramson*, 552 F. 3d 2008 (9th Cir. 2009). Before this ruling, many federal courts had held that the FCRA pre-empted the CCRAA, and thus the viability of a claim under CCRAA was, until recently, questionable. Plaintiff is still within his statute of limitations period for the CCRAA violation against FOCUS.

## ARGUMENT

### A. THIS COURT HAS AUTHORITY TO PERMIT PLAINTIFF TO FILE AN AMENDED COMPLAINT.

Under Federal Rules of Civil Procedure Rule 15(a) "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

### B. FEDERAL COURTS LIBERALLY PERMIT AMENDED PLEADINGS.

1    Federal judicial policy favors leave to amend.  [See *Lone Star Ladies Invest.*
2  *Club v. Schlotzsky's Inc.* (5th Cir. 2001) 238 F3d 363, 367 – policy favoring leave
3  to amend "a necessary companion to notice pleading and discovery"].

4    This policy is to be applied with "extreme liberality." [*Eminence Capital, LLC*
5  *v. Aspeon, Inc.* (9th Cir. 2003) 316 F3d 1048, 1051; *Moore v. Baker* (11th Cir. 1993)
6  989 F2d 1129, 1131 – "justifying reasons must be apparent for denial of a motion to
7  amend"].

8    Federal policy strongly favors determination of cases on their merits.
9  Therefore, the role of pleadings is limited, and leave to amend the pleadings is
10  freely given unless the opposing party makes a showing of undue prejudice, or bad
11  faith or dilatory motive on the part of the moving party.  [See Schwarzer, Tashima
12  & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2004)
13  8:399, citing *Forman v. Davis* (1962) 371 US 178, 182, 83 s.Ct.227, 230; *FilmTec*
14  *Corp. v. Hydranautics* (Fed.Cir.1995) 67 F3d 931, 935-936; *Martinez v. Newport*
15  *Beach City* (9th Cir. 1997) 125 F3d 777, 785)].

16

17  **C.   IT FURTHERS JUSTICE TO PERMIT PLAINTIFF TO SUBMIT AN**
18  **AMENDED COMPLAINT IN THIS ACTION.**

19

20    **a. This Motion is Timely Made.**

21    Plaintiff's motion is timely made, promptly upon reviewing defendants'
22  discovery documents.  Defendants' depositions have not even begun.  The *Gorman*
23  *v. Wolpoff* decision was issued in January of this year.

24

25    **b. Defendant's Would Suffer No Undue Prejudice from the Proposed**
26  **Amendment.**

27

28

1      The allegations are based on the existing facts and remedies already pleaded.
2 There are no new facts alleged; rather, plaintiff's proposed second amended
3 complaint represents a presentation of specific legal contentions as to the various
4 defendants.

6 **c. <u>The Proposed Amended Complaint is Meritorious.</u>**

7      The proposed amended complaint follows well-recognized principles of
8 Federal and California law.

10 **d. <u>Meet and Confer Requirement Satisfied:</u>**

11      Brennan declaration: on Monday, April 6, 2009, Mr. Brennan emailed defense
12 counsel with the proposed second amended complaint.  On Wednesday, April 8,
13 2009, counsel for TRANSUNION and FOCUS wrote back and indicated that
14 neither would stipulate to its filing.

16 <u>**CONCLUSION**</u>

17      For the reasons stated, and in the furtherance of justice, plaintiff respectfully
18 requests that this Court permit him to file the proposed amended complaint, a copy
19 of which is attached to this motion.  It has also been lodged under separate cover.

21 Dated: April ____, 2009         **BRENNAN, WIENER & ASSOCIATES**

24                               By: _____
25                                  Robert F. Brennan, Esq.
                                   Attorneys for Plaintiff

1

## DECLARATION OF ROBERT F. BRENNAN

2      I, ROBERT F. BRENAN, declare:

3      1. I am plaintiff's counsel in this matter and if called upon to testify to the

4 matters set forth in this declaration, I could do so truthfully and competently from

5 personal knowledge.

6      2. Discovery and review of documents produced in discovery have revealed

7 that plaintiff's complaint requires three amendments:

8         a. Plaintiff proposes to make clear that defendants FOCUS and DIRECT

9            are not included in the first cause of action for violation of the federal

10           Fair Credit Reporting Act (para. 6A);

11        b. Plaintiff proposes to add a fourth cause of action against defendant

12           FOCUS only for violation of the California Consumer Credit Reporting

13           Agencies Act, a cause of action which the Ninth Circuit has only recently

14           made viable against a claim of federal pre-emption; and,

15        c. Plaintiff proposes to add paragraph 11A to the first cause of action for

16           violation of the federal Fair Credit Reporting Act against EXPERIAN

17           and TRANSUNION only.  The proposed addition of paragraph 27A

18           reads as follows:

19      "11A. **Reinsertion Violation against TRANSUNION and EXPERIAN:**

20 Experian and TransUnion also have duties related to reinserting derogatory credit

21 information, found at 15 U.S.C. Section 1681i (a) (5) (B): "(i) If any information is

22 deleted from a consumer's file pursuant to subparagraph (A) (bureau's duty to

23 reinvestigate and delete or correct any information on a consumer's credit report

24 upon receiving a dispute from a consumer), the information may not be reinserted

25 in the file by the consumer reporting agency unless the person who furnishes the

26 information certifies that the information is complete and accurate.  (ii) If any

27 information that has been deleted from a consumer's file pursuant to subparagraph

28

---

1  (A) is reinserted in the file, the consumer reporting agency shall notify the
2  consumer of the reinsertion in writing not later than 5 business days after the
3  reinsertion…"  Plaintiff alleges that EXPERIAN and TRANSUNION reinserted
4  previously deleted information onto plaintiff's credit report without complying
5  with 15 U.S.C. Section 1681i."

6

7      3. Good cause exists to file the first amended complaint and there is no
8  prejudice to the defendants.  As of the preparation of this motion, the parties are
9  still in the discovery phase.  Plaintiff's deposition has been completed, but as of
10  the preparation of this motion, defendants have not produced any witnesses for
11  deposition, although each has promised to produce witnesses in late April and
12  early May, 2009.  There are no new facts being alleged.
13      4. As for the fourth cause of action under the California Consumer Credit
14  Reporting Agencies Act ("CCRAA") against FOCUS, the Ninth Circuit only
15  recently ruled that this is not pre-empted by the federal Fair Credit Reporting Act.
16  *Gorman v. Wolpoff & Abramson*, 552 F. 3d 2008 (9th Cir. 2009).  Before this
17  ruling, many federal courts had held that the FCRA pre-empted the CCRAA, and
18  thus the viability of a claim under CCRAA was, until recently, questionable.
19  Plaintiff is still within his statute of limitations period for the CCRAA violation
20  against FOCUS.

21

22      5. **Meet and Confer Requirement Satisfied:** on Monday, April 6, 2009, I
23  emailed defense counsel with the proposed second amended complaint.  On
24  Wednesday, April 8, 2009, counsel for TRANSUNION and FOCUS wrote back and
25  indicated that neither would stipulate to its filing.

26

27      6. Ex. 1 is a true copy of the proposed second amended complaint.
28      Executed this 8th day of April, 2009 at La Crescenta, Ca.

---

1       I declare under penalty of perjury under the laws of the State of California

2   that the foregoing is true and correct.

3

4                   By: _____

5                          Robert F. Brennan

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

1  Robert F. Brennan, Esq. [S.B. #132449]
   Robert A. Wiener, Esq. [S.B. #132847]
2  **BRENNAN, WIENER & ASSOCIATES**
   3150 Montrose Ave.
3  La Crescenta, Ca. 91214

4  [818] 249-5291
   FAX [818] 249-4329
5  Email: rbrennan@brennanlaw.com

6  Attorney for: Plaintiff Christopher Norton

7

8

9          **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | CHRISTOPHER NORTON, an          | Case No.: CV 08-3674 VBF (SHx)
   | Individual;                     |

13 |                                 |

14 |        Plaintiff,               | **SECOND AMENDED COMPLAINT**
   |                                 | **FOR DAMAGES:**

15 |        vs.                      |

16 | TRANSUNION, LLC, is  a Corporation; | 1. FAIR CREDIT REPORTING ACT;
   | EXPERIAN INFORMATION                | 2. FAIR DEBT COLLECTION
17 | SOLUTIONS, INC. is a business entity, |    PRACTICES ACT;
   | form unknown; DIRECT TV, a business   | 3. ROSENTHAL FAIR DEBT
18 | entity, form unknown; FOCUS           |    COLLECTION PRACTICES ACT.
   | RECEIVABLES, a business entity, form  | 4. CALIFORNIA CONSUMER
19 | unknown; and DOES 2-10, Inclusive,    |    CREDIT REPORTING AGENCIES
   |                                       |    ACT.
20 |        Defendants.              |

21 |                                 | **JURY TRIAL DEMANDED.**

22

23         Plaintiff alleges:

24         1. Plaintiff CHRISTOPHER NORTON ("Plaintiff") is a resident of County

25 of Solano, State of California.

26         2. Defendants TRANSUNION LLC ("TRANSUNION"), EXPERIAN

27 INFORMATION SOLUTIONS INC. ("EXPERIAN") are business entities, forms

28 unknown, doing business in the State of California as credit bureaus which receive

---

SECOND AMENDED COMPLAINT FOR DAMAGES

1   negative credit information about consumers and which then publish such
2   information in credit reports available to its subscribers.  Collectively, these
3   defendants will be referred to as "credit bureau defendants" or "credit agency
4   defendants".  DIRECT TV ("DIRECT") is a creditor which, among other
5   activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher"
6   under the Fair Credit Reporting Act.

7       2A. Plaintiff alleges that, based upon discovery responses in this matter,
8   DIRECT may not have specifically credit-reported the alleged debt in this matter,
9   but nevertheless engaged in debt collection activities as these are defined in the
10  Rosenthal Fair Debt Collection Practices Act.  Discovery from other defendants
11  may or may not confirm this contention from DIRECT.

12      2B. Plaintiff amends the complaint to substitute FOCUS RECEIVABLES
13  ("FOCUS") as "Doe 1" in this matter.  FOCUS is a debt collector as this term is
14  defined by both the federal Fair Debt Collection Practices Act and the California
15  Rosenthal Fair Debt Collection Practices Act.

16      3. Defendants DOES 2-10 are individuals and business entities, form
17  unknown, doing business in the State of California as credit reporting agencies,
18  debt collection agencies, creditors or other persons or entities which engage in
19  credit reporting and/or debt collection.  DOES 2-10, Inclusive, includes
20  individuals or business entities doing business in the State of California as credit
21  reporting agencies, debt collectors and/or creditors who have refused to delete
22  accounts of plaintiff that were procured through identity theft, mixed file or other
23  manner of recording an inaccurate credit account, even after plaintiff has notified
24  them of the false or inaccurate derogatory, and also who have reported such
25  accounts as derogatory credit references to credit reporting agencies.

26      4. Plaintiff does not know the true names and capacities, whether corporate,
27  partnership, associate, individual or otherwise of Defendants sued herein as Does

28

1  2 through 10, inclusive, under the provisions of Section 474 of the California
2  Code of Civil Procedure.  Plaintiff is informed and believes and on that basis
3  alleges that Defendants Does 2 through 10, inclusive, are in some manner
4  responsible for the acts, occurrences and transactions as officers, directors or
5  managing agents of Defendants or as its agents, servants, employees and/or joint
6  venturers and as set forth in this complaint, and that each of them are legally liable
7  to Plaintiff, as set forth below and herein:

8          a) Said Officers, directors or managing agents of Defendants personally
9  acted willfully with respect to the matters alleged in this complaint;

10          b) Said officers, directors or managing agents of Defendants personally
11  authorized, approved of, adopted and/or ratified the acts alleged herein or the
12  agents, servants, employees and/or joint venturers of Defendants did so act;

13          c) Said officers, directors or managing agents of Defendants personally
14  participated in the acts alleged herein of Defendants;

15          d) Said Officers, directors or managing agents of Defendants personally had
16  close supervision of their agents, servants, employees and/or joint venturers of
17  Defendants;

18          e) Said Officers, directors or managing agents of Defendants personally
19  were familiar with the facts regarding the matters alleged herein;

20          f) Said Officers, directors or managing agents of Defendants personally
21  failed to investigate the circumstances appertaining to the acts alleged herein.
22  They also failed and refused to repudiate the herein alleged actions and failed to
23  redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing
24  agents of Defendants failed and refused to punish or discharge the said agents,
25  servants, employees and/or joint venturers of Defendants, even after learning of
26  the acts of the agents, servants, employees and/or joint venturers of Defendants.
27  Plaintiffs will seek leave to amend this complaint to set forth the true names and
28

1  capacities of said fictitiously named Defendants as enumerated above, together
2  with appropriate charging allegations, when learned.

3      5. Plaintiff is informed and believes, and thereon allege that at all relevant
4  times herein each Defendant, whether actually or fictitiously named, was the
5  principal, joint venturer, agent, servant or employee of each other Defendant, and
6  in acting as such within the course, scope and authority of such relationship, took
7  some part in the acts and omissions hereinafter set forth, by reason of which each
8  Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any
9  future amended complaint.  Further, Plaintiff alleges that each act alleged herein,
10 whether by a named Defendants or fictitiously named Defendants or otherwise,
11 was expressly authorized or ratified, as these terms are used in California Civil
12 Code Section 3294(b), by each and every other Defendant herein, whether named
13 or fictitiously named.

14

15                    **FIRST CAUSE OF ACTION**
16        **[VIOLATION OF THE FAIR CREDIT REPORTING ACT**
17        **AGAINST ALL DEFENDANTS EXCEPT FOCUS and DIRECT]**
18      6. Plaintiff re-alleges and incorporates all preceding paragraphs as though
19 set forth in full in this cause of action.

20      6A. Plaintiff intends that this cause of action be pleaded against
21 TRANSUNION, EXPERIAN, DIRECT and DOES 2-10, but not against FOCUS
22 and DIRECT.  Plaintiff and DIRECT have reached agreement on a dismissal
23 without prejudice of DIRECT from this cause of action, based on verified
24 discovery responses from DIRECT that DIRECT did not engage directly in credit
25 reporting.  Plaintiff and DIRECT have agreement to bring DIRECT back into this
26 cause of action should facts be revealed that in fact DIRECT did engage directly in
27 credit reporting.

28

1         7.  Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c)

2    of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15

3    U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, TRANSUNION AND

4    EXPERIAN and each of the credit bureau defendants who are "consumer

5    reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

6         8. In December of 2005, Plaintiff attempted to have Direct TV service

7    installed at his Kenmore Ave address; however geographical boundaries prevented

8    the installation of the dish.  Furthermore, the manager of the property refused to

9    allow the installation of a satellite dish. Thus, the satellite dish was never installed

10   and as a result, Plaintiff never received any service at the Kenmore address.

11        9. DIRECT then began sending monthly invoices to plaintiff.  Each time

12   Plaintiff received an invoice form DIRECT, he immediately called a customer

13   service representative and explained that he had been improperly charged as he

14   was not receiving service.  Furthermore, Plaintiff asked that his account be

15   completely cancelled or disconnected as his building would not allow the service

16   to be installed.  Each time, the DIRECT representative stated that the account

17   would be cancelled.  However, Plaintiff continued to receive invoices despite the

18   fact that he did not receive service whatsoever.

19        10. Defendant DIRECT has refused, despite Plaintiff's phone calls and

20   letters to acknowledge that he has not had an active Direct TV account since

21   December 2005. Despite several telephone calls and letters DIRECT insists that

22   Plaintiff has had service on multiple occasion since then – which is impossible

23   because Plaintiff does not even have a satellite dish installed in his home.

24   DIRECT has continued to bill plaintiff for services which were never received and

25   which were canceled.

26        11. On September 26, 2007, Plaintiff sent correspondence to DIRECT

27   again asking that they reinvestigate his account, cease any negative credit

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1  reporting and remove his account form collection activity. Plaintiff also sent
2  letters to TRANSUNION and EXPERIAN and Equifax.   Only non-party Equifax
3  complied with plaintiff's request to cease the derogatory credit reporting.  On
4  information and belief, one or more of the credit bureaus issued dispute notices to
5  reporting furnishers under the Fair Credit Reporting Act.

6      11A. **Reinsertion Violation against TRANSUNION and EXPERIAN:**
7  Experian and TransUnion also have duties related to reinserting derogatory credit
8  information, found at 15 U.S.C. Section 1681i (a) (5) (B): "(i) If any information is
9  deleted from a consumer's file pursuant to subparagraph (A) (bureau's duty to
10  reinvestigate and delete or correct any information on a consumer's credit report
11  upon receiving a dispute from a consumer), the information may not be reinserted
12  in the file by the consumer reporting agency unless the person who furnishes the
13  information certifies that the information is complete and accurate. (ii) If any
14  information that has been deleted from a consumer's file pursuant to subparagraph
15  (A) is reinserted in the file, the consumer reporting agency shall notify the
16  consumer of the reinsertion in writing not later than 5 business days after the
17  reinsertion…" Plaintiff alleges that EXPERIAN and TRANSUNION reinserted
18  previously deleted information onto plaintiff's credit report without complying
19  with 15 U.S.C. Section 1681i.

20      12. Plaintiff complied with all requests of each of the Defendants to
21  provide information in order to have the erroneous marks removed from his credit
22  reports.  Despite the insistence of Plaintiff, the Defendants, and each of them,
23  failed to correct the errors and failed to undertake sufficient investigations upon
24  being notified of the errors.

25      13. Within the past several years, Defendants, and each of them, willfully
26  violated the provisions of the Fair Credit Reporting Act in *at least* the following
27  respects:

28

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

h. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

14. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of

SECOND AMENDED COMPLAINT FOR DAMAGES

1  trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain

2  and suffering, punitive damages, penalties, costs and attorney fees.

3       15. Plaintiff alleges that defendants, and each of them, have willfully

4  violated FCRA with respect to Plaintiff and towards others similarly situated.

5  Specifically, defendants deliberately have inefficient procedures for correcting

6  their credit files, because they know that a certain number of consumers will either

7  be intimidated or too frustrated to continuously fight back against the constant

8  onslaught of collection activities for invalid debts. Defendants, and each of them,

9  know that a certain number of consumers would rather pay than fight, even if the

10  debt is not actually owed. These defendants know that their systems intimidate

11  consumers so they'll pay debts even if not valid or not completely valid. These

12  facts were not disclosed to the Plaintiff and are not disclosed to the borrowing

13  public at large.

14

15  **SECOND CAUSE OF ACTION**

16  **[CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

17  **AGAINST DIRECT, FOCUS AND DOES 2-10, INCLUSIVE]**

18       16. Plaintiff incorporates all preceding paragraphs as though set forth in full

19  in this cause of action.

20       17. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any

21  person who, in the ordinary course of business, regularly, on behalf of himself or

22  herself or others, engages in debt collection." Under this definition, DIRECT,

23  FOCUS and DOES 2-10, Inclusive, all qualify as "debt collectors".

24       18. Under Cal. Civ. Code Section 1788.17, the requirements and

25  prohibitions of the federal Fair Debt Collection Practices Act are incorporated into

26  the California Fair Debt Collection Practices Act. DIRECT, FOCUS and DOES 2-

27  10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8),

28

1   namely, "Communicating or threatening to communicate to any person credit
2   information which is known or which should be known to be false, including the
3   failure to communicate that a disputed debt is disputed." None of the defendants
4   communicated anything to any person to suggest that plaintiff was disputing the
5   debt.

6       19. Plaintiff alleges that DIRECT, FOCUS and DOES 2-10, Inclusive,
7   violated other provisions of the federal Fair Debt Collection Practices Act, as
8   incorporated in the Rosenthal Act, as follows:

9       a. 15 U.S.C. Section 1692d: DIRECT engaged in debt collection
10   efforts after it knew, and had determined, that it had no basis for continuing to
11   charge plaintiff for its services. This had the natural consequence of harassing,
12   abusing and oppressing plaintiff.

13       b. 15 U.S.C. Section 1692e: DIRECT falsely represented the debt as a
14   valid debt when it sold or transferred it onto the debt buying market, first picked
15   up for collection by Allied and then later by FOCUS. In fact, the alleged debt is
16   not valid and not enforceable. DIRECT has thus falsely represented the character,
17   amount and legal status of the alleged debt, and falsely represented that the service
18   had not been canceled when it had been. DIRECT and FOCUS have also
19   threatened action, or taken action, including threats of credit reporting, threats of
20   lawsuits and derogatory credit reporting accomplished, that cannot legally be
21   taken.

22       c. 15 U.S.C. Section 1692f: DIRECT and FOCUS, and DOES 2-10,
23   inclusive, have each used unfair or unconscionable means to collect or attempt to
24   collect the alleged debt. Specifically, each has attempted to collect amounts not
25   expressly authorized by law or by agreement, and have continued to attempt
26   collection in spite of cancelation of the underlying agreement.

27
28

1       20. As a result of these violations of the California Fair Debt Collection

2  Practices Act by DIRECT, FOCUS and DOES 2-10, Inclusive, plaintiff has

3  suffered general and special damages according to proof, and is entitled to a

4  statutory penalty for each separate violation of California's Act, as well as

5  punitive damages against these defendants for conduct amounting to oppression

6  and malice under California law.  In addition, plaintiff is entitled to attorney's

7  fees, costs and expenses.

8

9                           **THIRD CAUSE OF ACTION**

10       **[VIOLATION OF FEDERAL FAIR DEBT COLLECTION**

11     **PRACTICES ACT AGAINST FOCUS AND DOES 2-25, INCLUSIVE]**

12

13       21. Plaintiff incorporates all preceding paragraphs as though alleged in full

14  in this cause of action, and specifically incorporates paragraphs 19a, 19b and 19c

15  into this cause of action.

16       22. In communicating the DIRECT derogatory credit information to the

17  credit bureaus, defendants FOCUS and DOES 2-10, Inclusive, willfully violated

18  the federal Fair Debt Collection Practices Act and damaged plaintiff according to

19  proof at trial.  Plaintiff also alleges additional violations of FDCPA as alleged in

20  paragraphs 19a, 19b and 19c, above.  In addition to general and special damages

21  according to proof, plaintiff prays for any and all available penalties against

22  FOCUS and DOES 2-10, Inclusive, under the federal FDCPA, for willful

23  violations of the cited provisions and of other provisions as may be provisions as

24  may be proved at time of trial.

25

26                      **FOURTH CAUSE OF ACTION**

27            **[VIOLATION OF CALIFORNIA CONSUMER**

28

CREDIT REPORTING AGENCIES ACT
AGAINST FOCUS AND DOES 2-25, INCLUSIVE]

23. Plaintiff incorporates all preceding paragraphs as though set forth in full in this cause of action.

24. Within two years prior to the filing of the complaint in this action, defendants FOCUS and DOES 2-25, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

a. By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which Defendants FOCUS and DOES 2-25, Inclusive knew, or should have known, was incomplete, inaccurate and/or unverifiable;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the Defendants FOCUS and DOES 2-25, Inclusive;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof; and,

f. By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any

1  incorrect, incomplete or inaccurate credit reporting.

2    22. Each of the Defendants FOCUS and DOES 2-25, Inclusive willfully and
3  negligently failed in their obligations to reinvestigate and correct the derogatory
4  marks in Plaintiff's credit reports.  Plaintiff alleges that each of the Defendants
5  FOCUS and DOES 2-25, Inclusive' policies and practices hinder and obstruct
6  adequate and meaningful reinvestigations, and that each defendant knows of this
7  effect of its policies and practices.

8    23.  As a proximate result of the willful and negligent actions of the
9  Defendants FOCUS and DOES 2-25, Inclusive, and each of them, Plaintiff has
10 suffered both general and special damages in an amount which will be proven at
11 time of trial.  As provided under the cited laws, Plaintiff is entitled to actual
12 damages, loss of wages, damage to credit reputation, pain and suffering, costs and
13 attorney fees.  Plaintiff is also entitled to punitive damages and statutory penalties
14 for willful violations of the California Consumer Credit Reporting Agencies Act.

15   WHEREFORE, Plaintiff prays for judgment as follows:
16   1. For general and special damages according to proof at trial;
17   2. For statutory penalties for each separate statutory violation where
18      allowed by statute;
19   3. For punitive damages against defendants according to proof at trial and
20 using the applicable punitive damages standards from the involved statutes;
21   4. For attorney's fees where authorized by statute or law;
22   5. For costs of suit;
23   6. For such other relief as the court deems just and proper.

24 **PLAINTIFF DEMANDS A JURY TRIAL.**

25 Dated: April ___ 2009       **BRENNAN, WIENER, & ASSOCIATES**

26

27 By:_____
   Robert F. Brennan

28

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On **April 8, 2009** the foregoing document described as **NOTICE OF MOTION AND MOTION TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES; DECLARATION OF ROBERT F. BRENNAN; SECOND AMENDED COMPLAINT ATTACHED AS EX. 1** was served on parties in this action,
By U.S. Mail (to all parties listed below)

[x] by placing [ ] the original [x] true copies

Ben Mohandesi, Esq.
REED SMITH
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90071

Angele Motlagh, Esq.
JONES DAY
3 Park Plaza Ste. 1100
Irvine, CA 92614

Donald Bradley, Esq.
Paul Sheldon, Esq.
MUSIC, PEELER & GARRETT LLP
650 Town Center Drive Ste. 1200
Costa Mesa, CA 92626-1925

Paul W. Sheldon, Esq.
Strasburger & Price, LLP
2801 Network Boulevard, Suite 600
Frisco, Texas  75034-1843

[x] *I deposited such envelopes in the mail at La Crescenta, California.  The envelopes were mailed with postage thereon fully prepaid.

[x] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 8, 2009** at La Crescenta, California.

Isabel Grubbs